UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHELLY R. HAMLER,

        Plaintiff,

  v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 20-cv-1759-pp

---

**ORDER CONSTRUING COMPLAINT SIGNED JANUARY 25, 2021 AS MOTION TO REOPEN CASE (DKT. NO. 8), DENYING MOTION, DECLINING TO APPROVE PROPOSED STIPULATION FOR ATTORNEY'S FEES (DKT. NO. 9) AND DISMISSING COMPLAINT**

---

      The plaintiff, who is representing herself, filed this Social Security appeal on November 24, 2020. Dkt. No. 1. When it reviewed the complaint, the court realized that the plaintiff had not completed section B on page 3 of the form, which asks for the date she received a decision from the Administrative Law Judge and the date she received an Appeals Council's notice or determination. Dkt. No. 5 at 1-2 (referencing Dkt. No. 1 at 3).

      On December 23, 2020, the court issued an order directing the plaintiff to file an amended complaint—one that included the missing information—by January 22, 2021; the court stated that it needed the information to determine whether the plaintiff's appeal was appropriate and timely. Id. at 2. The court told the plaintiff that if it did not *receive* an amended complaint by the end of the day on January 22, 2021, the court would dismiss the complaint. Id. The

1

January 22, 2021 deadline came and went and the court did not receive an amended complaint, so on January 27, 2021, the court issued an order dismissing the appeal. Dkt. No. 7.

The next day—January 28, 2021—the court received from the plaintiff a complaint dated January 25, 2021 (three days after the due date the court had set), which included the dates she received decisions from the ALJ (October 16, 2019) and the Appeals Council (July 29, 2020). Dkt. No. 8 at 3. (The plaitniff did not include copies of the decisions.) The court will construe the January 25, 2021 complaint as a motion to reopen the case but will deny the motion and dismiss the complaint because it was not timely filed.

According to the January 25, 2021 complaint, the plaintiff received the Appeals Council's final determination on July 29, 2020. Dkt. No. 8 at 3. That means that she had sixty days—until September 28, 2020 (which is actually sixty-one days, but the sixtieth day fell on September 27, 2020, a Sunday)—to file her appeal in this district court. 42 U.S.C. §405(g). While the sixty-day limit is not jurisdictional, it bars a party from proceeding if she filed her complaint outside the sixty-day limit. Alfreds v. Colvin, 618 F. App'x 289, 290 (7th Cir. 2015). The plaintiff filed her original complaint on November 24, 2020, 118 days—almost four months—after she received final notice from the Appeals Council. That means that the plaintiff iled too late and is barred from bringing her appeal.

On January 28, 2021, the plaintiff also filed a "Stipulation for Attorney Fees Pursuant to the Equal Access to Justice Act." Dkt. No. 9. This is a form

agreement filed in cases where the court has decided a Social Security appeal in favor of the plaintiff and the parties agree that the Social Security Administration will reimburse that plaintiff for attorneys' fees and costs. This form does not apply in the plaintiff's case for several reasons. First, she has not had an attorney representing her, so there are no attorneys' fees for the Social Security Administration to reimburse. Second, she did not win her appeal; the court is not allowing her to proceed. Third, there has been no "stipulation"—no agreement between the plaintiff and the Commissioner of Social Security. The only party who signed the stipulation was the plaintiff, and the form stipulation is blank other than her name. The court declines to approve this document because it is not a "stipulation"—an agreement between the parties—and because the plaintiff is not entitled to any fees or cost.

The court **CONSTRUES** the January 25, 2021 complaint as a motion to reopen the case and **DENIES** the motion. Dkt. No. 8.

The court **DECLINES** to approve the Stipulation for Attorney Fees Pursuant to the Equal Access to Justice Act. Dkt. No. 9.

The court **DISMISSES** the case—the original complaint, the January 25, 2021 complaint and the appeal—because the appeal was not timely filed.

Dated in Milwaukee, Wisconsin this 24th day of February, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**